**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VELVET D. REESE,

            Plaintiff,

v.                                                   CIV 19-0139 KBM

KILOLO KIJAKAZI,[1]
Commissioner of Social
Security Administration,

            Defendant.

## ORDER DENYING ATTORNEY FEES UNDER EAJA

THIS MATTER is before the Court on Velvet D. Reese's ("Plaintiff's") Motion for

Attorney Fees Pursuant to Equal Access to Justice Act ("EAJA"), with Supporting

Memorandum (*Doc. 52*), filed on June 23, 2021. The Commissioner[2] opposes an award

of EAJA fees and insists that the Social Security Administration's position was

substantially justified, including throughout the underlying administrative proceedings,

when opposing Plaintiff's Motion to Remand in this Court, and in voluntarily remanding

this matter for further administrative proceedings. *Doc. 58* at 7-17. Having reviewed the

briefing, the record, and the relevant law, the Court denies Plaintiff's motion for EAJA

fees.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security ("the Commissioner") on July 9, 2021. Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this action.

[2] For the sake of consistency, the Court uses the female pronoun throughout when referring to the Commissioner, even though some actions described were technically taken by or under the former Commissioner, Andrew Saul.

In her Motion to Remand, filed before this Court in October 2019, Plaintiff sought reversal of the Social Security Administration's denial of her application for disability benefits on the grounds that the ALJ: (1) failed to use the correct legal standard in evaluating the opinions of her treating psychologist and the state agency doctor; (2) failed to include all of her mental limitations in the residual functional capacity ("RFC") determination, resulting in error at Step Five; and (3) failed to provide a constitutionally valid hearing under *Lucia v. SEC*,138 S. Ct. 2044 (2018). *Doc*. 22 at 1-2. The Court found in the Commissioner's favor on each of Plaintiff's claims. *See id*. at 6-23. Following Plaintiff's appeal and the Commissioner's voluntary remand, Plaintiff now seeks EAJA fees, asserting that she was the prevailing party and that the Commissioner's position was not substantially justified. *Doc. 52* at 1.

## I.    Background

In March 2018, Administrative Law Judge ("ALJ") Ann Farris determined that Plaintiff was not disabled under the Social Security Act. *See* AR at 12-29. Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* Administrative Record[3] (AR) at 1-6; *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Plaintiff, who was represented by counsel at her administrative hearing and after, did not raise any challenge to the ALJ's appointment. *See* AR at 30-51.

Following the Social Security Administration's denial of her disability claim, Plaintiff sought review by this Court. *See Doc. 1*. In addition to asserting that the ALJ

---

[3] Document 30-1 contains the sealed Administrative Record in this case. *See Doc. 30-1*. The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

made substantive errors and her decision was not supported by substantial evidence, Plaintiff asserted that the ALJ had not been properly appointed pursuant to *Lucia*, in which the Supreme Court held that ALJs at the Securities and Exchange Commission must be appointed pursuant to the Appointments Clause. *Docs. 1*; *22*; *see also Lucia*, 138 S. Ct. at 2051, 2055. The Commissioner countered, maintaining that the ALJ's decision was free from legal error and supported by substantial evidence and that Plaintiff's Appointments Clause claim was forfeited due to her failure to raise it during administrative proceedings. *Doc. 58*.

Following the completion of briefing on Plaintiff's Motion to Remand on January 23, 2020, Plaintiff filed a Notice of Supplemental Authority, alerting the Court to the decision in *Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), in which the Third Circuit Court of Appeals held that a disability claimant does not forfeit or waive an Appointments Clause claim by neglecting to raise it before the ALJ or the Appeals Council. *See Doc. 34* at 1. The Court instructed the parties to complete supplemental briefing to address *Cirko* and a then-recent decision from the District of New Mexico: *McCray v. Social Security Administration*, 435 F. Supp. 3d 1186 (D.N.M. Jan. 28, 2020). *See Docs. 36*; *37*; *38*. The Commissioner alerted the Court that two cases raising forfeiture of Appointments Clause claims were pending before the Tenth Circuit at that time: *Carr v. Commissioner of Social Security*, No. 19-5079 and *Minor v. Commissioner of Social Security*, No. 19-5085. *Doc. 37* at 4-5. In the Commissioner's supplemental brief, she suggested that "the Tenth Circuit's decision in *Carr* and *Minor* may be dispositive on the Appointments Clause challenge at issue here" and urged the Court to hold the matter in abeyance pending the Tenth Circuit's decision in those

3

cases. *Id*. In response, Plaintiff indicated that if the Court found her claims unpersuasive, she would not oppose a stay of the case pending resolution of the Tenth Circuit cases. *Doc. 38* at 3.

On May 19, 2020, the Court denied Plaintiff's Motion to Remand, finding in the Commissioner's favor on all issues raised, including Plaintiff's Appointments Clause claim. *Doc. 39*. Specifically, the Court determined that the ALJ's evaluation of the medical opinion evidence and subjective complaints was consistent with agency regulations and law, that the ALJ adequately accounted for Plaintiff's functional limitations in her RFC, that the ALJ's findings were supported by substantial evidence of record, and that Plaintiff had forfeited her challenge under the Appointments Clause by failing to raise it during agency proceedings. *Id*. As to Plaintiff's Appointments Clause claim, the Court acknowledged that *Carr* and *Minor* remained pending before the Tenth Circuit but explained that "[h]aving listened to the arguments before the Tenth Circuit in those cases, the Court declines to issue . . . a stay and will deny Plaintiff's motion on the Appointments Clause issue." *Id.* at 11.

The next month, on June 15, 2020, the Tenth Circuit issued a published decision in *Carr*, determining that the disability claimant there had forfeited his Appointments Clause challenge because he failed to raise it in administrative proceedings. *See Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020*), rev'd and remanded*, 141 S. Ct. 1352 (2021). Plaintiff appealed the Court's decision in this case three days later but did not raise the Appointments Clause claim given the Tenth Circuit's unfavorable resolution of the issue in *Carr*. *See Doc. 41*; *see also* Brief for Petitioner-Appellant, *Reese v. Comm'r, SSA*, No. 20-2087 (Doc. 010110389101) (10th Cir. Aug. 10, 2020); Reply Brief for

Petitioner-Appellant, *Reese*, No. 20-2087 (Doc. 010110447592) (10th Cir. Dec. 4, 2020).

Then, on April 22, 2021, while Plaintiff's appeal was still pending before the Tenth Circuit, the United States Supreme Court reversed the Tenth Circuit in *Carr v. Saul*, 141 S. Ct. 1352 (2021), holding that Social Security disability claimants do *not* forfeit Appointments Clause challenges by failing to raise them during administrative proceedings. *Id.* at 1356. Following this decision, the Commissioner agreed to remand this case for further administrative proceedings. *See* Joint Motion for Remand, *Reese*, No. 20-2087 (Doc. 010110528095) (10th Cir. May 26, 2021). On May 28, 2021, the Tenth Circuit issued an Order and Judgment, granting the parties' Joint Motion for Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g). *Doc. 49* at 2. The Tenth Circuit vacated this Court's judgment and instructed it to remand the case to the agency for further administrative proceedings. *Id*. The Tenth Circuit's Mandate issued that same day (*see Doc. 50*), and the Court entered its Order of Remand to the Commissioner for further proceedings (*see Doc. 51*).

Plaintiff indicates that she has not yet obtained benefits on remand; nevertheless, she submits that she became the prevailing party for EAJA purposes upon issuance of the Order of Remand and seeks $17,556.90 in EAJA fees. *Doc. 52* at 1. The Commissioner opposes Plaintiff's Motion for EAJA Fees, insisting that her position was substantially justified. *Doc. 58* at 1-2.

## II.   Legal Standard

"Under EAJA, a fee award is required if: (1) [the] plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no

special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475

F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 241(d)(1)(A)). The parties here

disagree on the second factor: whether the government's position was substantially

justified. In assessing substantial justification, the Court considers both the

Commissioner's position in this federal civil case as well as the Social Security

Administration's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

"The test for substantial justification in this circuit is one of reasonableness in law

and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir 1995) (citing *Gutierrez v.

Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992)). "[T]he government's position can be

justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quotation marks and

quotation omitted). "When an area of law is 'unclear or in flux, it is more likely that the

government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x

913, 916 (10th Cir. 2005) (quoting *Martinez v. Sec'y of Heath and Hum. Servs.*, 815

F.2d 1381, 1383 (10th Cir. 1987)).

"The government's success or failure on the merits at each level may be

evidence of whether its position was substantially justified, but that success or failure

alone is not determinative of the issue." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th

Cir. 1988) (citations omitted). The Commissioner bears the burden to establish that the

government's position was substantially justified. *Hackett*, 475 F.3d at 1172.

## III.   Analysis

The parties here agree that the Commissioner must demonstrate substantial

justification at all levels of the proceedings, including at the agency level. *Docs. 58* at 7-

18; *59* at 4. Thus, the Court considers each level of review, from the administrative proceedings to the Tenth Circuit's remand.

### A.    The Commissioner shows substantial justification for the Agency's position and conduct during the administrative process.

First, the Commissioner maintains that the agency's pre-litigation position was reasonable and substantially justified. *Doc. 58* at 7-9. Noting that neither Plaintiff nor her attorney raised an Appointments Clause challenge at the agency level, the Commissioner explains that proceedings simply "followed their ordinary course." *Id.* at 7. According to the Commissioner, the agency, quite reasonably, adjudicated Plaintiff's claims based upon the issues presented by Plaintiff and the evidentiary record. *Id.* at 8. In doing so, the Commissioner contends that the ALJ neither overlooked nor misstated evidence, rendering the Agency's conduct at the administrative level substantially justified. *Doc. 58* at 8 (citing *Flores v. Astrue*, 246 F. App'x 540, 543 (10th Cir. 2007) for its holding that that district court did not abuse its discretion in finding the Commissioner's conduct substantially justified, where the ALJ did not ignore or misrepresent the medical record). The Commissioner contends that her position is supported by the Court's rejection of Plaintiff's challenges to the ALJ's decision, which she still maintains, were without merit. As to Plaintiff's Appointments Clause challenge, the Commissioner cites numerous district court decisions finding the Agency's pre-litigation forfeiture position substantially justified despite the Supreme Court's eventual rejection of that position in *Carr*.[4] *Docs. 58* at 8 (citing *Flynn v. Saul*, No. 19-0058, 2021

---

[4] On April 22, 2021, the Supreme Court in *Carr* found that: (1) it was inappropriate to judicially impose an issue-exhaustion requirement on claimants' challenges to the appointments of ALJs who heard their disability benefits claims, and (2) the claimants' Appointments Clause challenges were timely raised for the first time on review of the administrative decision in federal court. *Carr*, 141 S. Ct. at 1358-62.

WL 2577146, at *3 (E.D. Pa. June 22, 2021); *Lenz v. Saul*, No. 19-0489, 2021 WL 2515167, at *2-3 (W.D. Pa. June 18, 2021); *Rager v. Saul*, No. 1:19-CV-00140-HBB, 2021 WL 374477 (W.D. Ky. Feb. 3, 2021); *Marant v. Saul*, No. 18-4832, 2020 WL 3402416, at *3 (E.D. Pa. June 19, 2020)); *61* at 1 (citing supplemental authorities, including *Torres v. Comm'r, SSA*, No. 19-2003 CVR, 2021 WL 3562610 (D.P.R. Aug. 11, 2021); *McCary-Banister v. Saul*, No. SA-19-CV-00789-XR, 2021 WL 3494606 (W.D. Tex. Aug. 9, 2021); *Dewonkiee L.B. v. Comm'r, SSA*, No. 5:19-CV-0503 DEP, 2021 WL 3417842 (N.D.N.Y. Aug. 5, 2021)).

Plaintiff, on the other hand, argues that the Commissioner's pre-litigation positions on her substantive challenges to the ALJ's decision were not substantially justified. *Doc. 59* at 4. She insists that the Commissioner "offered no justification for the agency's failure to weigh [treating and consulting doctor] evidence properly, and for its failure to apply SSR 16-3p properly in assessing [her] subjective complaints." *Id*.

The Court rejects Plaintiff's argument to this effect, however, just as it rejected her substantive claims in the first instance. *See Doc. 39*. The Commissioner's success on the merits, while not dispositive, is "evidence of whether [her] position was substantially justified . . . ." *Hadden*, 851 F.2d at 1267 (citations omitted). Here, that evidence weighs strongly in favor of finding substantial justification for the Commissioner's opposition to Plaintiff's substantive disability claims. Further, having considered the Commissioner's pre-litigation conduct anew, the Court is easily satisfied that Plaintiff is not entitled to fees for any failure by the Agency to properly weigh evidence or assess Plaintiff's subjective complaints.

But Plaintiff maintains that the Commissioner lacked substantial justification for an alternative reason: because "the agency should have known once *Lucia v. SEC*, 138 S. Ct. 2044 (2018) was decided that any Appointments Challenge would be allowed under *Sims v. Apfel*, 530 U.S. 103 (2000), even if not raised at the agency level." *Doc. 59* at 3. In essence, Plaintiff charges the Agency with knowing something that this Court and many courts like it did not foresee – that the Supreme Court would determine that Appointments Clause challenges were not forfeited if not raised at the administrative level. *See Rich v. Comm'r, SSA*, 477 F. Supp. 3d 388, 394 (E.D. Pa. Aug. 6, 2020) ("[W]e do not expect nor require the Commissioner to predict how the judiciary will interpret the Constitution in conducting administrative proceedings among varied interpretations.") (quotation omitted). Plaintiff contends that her position finds support in two district court EAJA fees cases, both from the Eastern District of Pennsylvania: *Armstrong v. Saul*, 465 F. Supp. 3d 486 (E.D. Pa. June 9, 2020) and *Byrd v. Saul*, 469 F. Supp. 3d 351 (E.D. Pa. June 25, 2020).

In *Armstrong*, a case decided just days before the Tenth Circuit decided *Carr*, the court determined that the Commissioner's *pre-litigation* position lacked substantial justification. *See Armstrong*, 465 F. Supp. 3d at 489-90. The court emphasized that there was "no statute or regulation that require[d] issue exhaustion in Social Security cases as a prerequisite for judicial review." *Id.* at 489. The court did not, however, discuss *U.S. v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952), which both this Court and the Tenth Circuit found supportive of the Commissioner's forfeiture position. *See Doc. 39* at 7-8; *Carr*, 961 F.3d at 1271.

In *Byrd*, decided ten days after the Tenth Circuit's decision in *Carr*, the court found that the Commissioner's *litigation* position lacked substantial justification, as it was "in clear contradiction" to *Sims*. *See Byrd*, 469 F. Supp. 3d at 355. Although the Commissioner alerted the court that "many district courts throughout the country [had] adopted its [forfeiture] position," the court rejected her argument, finding *Sims* controlling. *Id*. The court reasoned that the "district court opinions adopting the Commissioner's position [did] so in the vast majority of cases, without detailed analysis, and certainly without taking into account the clearly applicable holding in *Sims*." *Id*. But, curiously, the *Byrd* court neglected to address the Tenth Circuit's recently-issued contrary decision in *Carr*, which provided a detailed analysis of *Sims*. *See Carr*, 961 F.3d 1271-73. Nor did the court mention the rationale of this Court in Plaintiff's case, which likewise distinguished *Sims*. *See Reese v. Saul*, No. CIV 19-0139 KBM, 2020 WL 2542008, at *4 (D.N.M. May 19, 2020), *vacated and remanded*, 848 F. App'x 821 (10th Cir. 2021).

Moreover, in the months following *Armstrong* and *Byrd*, the landscape rapidly changed with respect to motions for EAJA fees based upon Appointments Clause claims. For instance, judges within the Eastern District of Pennsylvania began finding the Commissioner's pre-*Carr* forfeiture position substantially justified both at the administrative level and before the district court. *See, e.g.*, *McNeish v. Comm'r, SSA*, No. 18-582, 2020 WL 4060322, at *5 (E.D. Pa. July 20, 2020); *Rich*, 477 F. Supp. 3d at 389. This was true despite those courts having formerly rejected the Commissioner's forfeiture argument in the first instance. *See Rich*, 477 F. Supp. 3d at 392 ("we remanded . . . , reasoning Ms. Rich did not forfeit her Appointments Clause challenge

10

by failing to raise the issue at the administrative level"). Tellingly, the *Rich* court explained that "[n]umerous district courts around the country, including courts within this district[,] had previously agreed with the Commissioner's position that Appointments Clause challenges are subject to exhaustion requirements." *Id*. at 398. The court went on, noting that courts had reached "different but well-reasoned decisions about exhaustion requirements in the Social Security context." *Id*. Ultimately, the court found that "[r]easonable minds, after study, did and could reach different conclusions." *Id*. In *McNeish*, the court quantified this rationale, finding that "34 out of the 35 district courts" had "rejected attacks on the validity of an SSA ALJ's appointment where the claimant failed to make the constitutional challenge at the administrative level[.]" *McNeish*, 2020 WL 4060322, at *5 (quotation marks omitted).

Given the lack of consensus among courts, this Court's contrary view of the legal issues and applicable authority, and the evolving legal landscape, the Court is unpersuaded by the rationale in *Armstrong* and *Byrd*. The Court finds that neither *Lucia* nor *Sims* triggered a duty by the Commissioner to raise *sua sponte* an Appointments Clause challenge at the administrative level. *See Rich*, 477 F. Supp. 3d at 394 ("We see no clearly settled legal principle or bureaucratic arbitrariness in the Commissioner's decision not to raise the Appointments Clause issue *sua sponte*.") Accordingly, the Commissioner has demonstrated substantial justification for the Agency's conduct at the administrative level.

**B.     The Commissioner shows substantial justification in defending against Plaintiff's claims in federal court.**

The Commissioner asserts that, given the state of the case law during the litigation of this case, she was substantially justified in defending against Plaintiff's Appointments Clause claim before this Court. *Doc. 58* at 9. The Court agrees.

A position is substantially justified where there is a "genuine dispute" or "if reasonable people could differ" as to the appropriate outcome. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotations omitted). The Commissioner insists that reasonable courts differed in their views of forfeiture of Appointments Clause claims. *Doc. 58* at 10. Most obviously, she notes that this Court and later the Tenth Circuit were persuaded by her pre-*Carr* forfeiture position. *Id*. But the Commissioner also observes that there was a circuit split on the issue, with the Tenth and Eight Circuits adopting her forfeiture position, and the Third, Fourth, and Sixth Circuits favoring the claimants' positions. *Doc. 58* at 11 (citing *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020); *Hilliard v. Saul*, 964 F.3d 759 (8th Cir. 2020); *Carr*, 961 F.3d 1267 (10th Cir.); *Cirko*, 948 F.3d 148; *Probst v. Saul*, 980 F.3d 1015 (4th Cir. 2020); *Ramsey v. Comm'r, SSA*, 973 F.3d 537 (6th Cir. 2020)). This split of appellate authority provides support for the Commissioner's argument that reasonable minds could and did differ as to the forfeiture of Appointments Clause challenges prior to the Supreme Court's decision in *Carr*. Although the appellate cases cited by the Commissioner were mostly decided after this Court had already rejected Plaintiff's Appointments Clause claim, they nevertheless confirm that the governing law was in flux at the relevant time.

The Commissioner insists that this Court's resolution of Plaintiff's Appointments Clause claim here "turned on what had been a classic example of an unsettled issue:

whether Social Security claimants forfeit Appointment Clause challenges by not raising them during administrative proceedings." *Id.* at 7. According to the Commissioner, the unsettled nature of this issue weighs in favor of finding her position substantially justified. *Id.* (citing *Garcia v. Saul*, No. 20cv0097, 2021 WL 1406071, at *5 (D.N.M. Apr. 14, 2021)).

Plaintiff, on the other hand, submits that the Commissioner's characterization of the relevant issue as unsettled is "misleading and incorrect" for two reasons. First, she emphasizes that she "did not raise the Appointments Clause issue in the circuit court, which is the court in which she obtained the relief she requested." *Doc. 59* at 1. Plaintiff posits that because she did not appeal this Court's unfavorable ruling on her Appointments Clause claim, substantial justification for the Commissioner's position on that claim is not relevant to the Court's analysis here. *Id.* at 3. The Court is not persuaded.

The Court must examine the justifications for the Commissioner's pre-litigation and litigation positions on each of Plaintiff's claims, including her Appointments Clause claim. Elsewhere in her briefing, Plaintiff seems to concede as much. *See id.* (arguing that "the government's prelitigation conduct was not substantially justified[,]" because "the agency should have known . . . that any Appointments Clause challenge would be allowed under *Sims v. Apfel*, 530 U.S. 103 (2000), even if not raised at the agency level"). Regardless, the Court is satisfied that the Commissioner's justification for her opposition to Plaintiff's Appointments Clause claim is relevant, if not central, to the resolution of Plaintiff's EAJA fees motion.

Second, Plaintiff suggests that the Commissioner moved to remand for "further evaluat[ion of] the medical source opinions and [Plaintiff's] subjective symptom allegations," rather than strictly to remedy a constitutional error in the ALJ's appointment. *Id.* at 2-3. This argument does not withstand scrutiny, as the Court more fully explains in its discussion of the Commissioner's voluntary remand. *See infra* Part III.C.

Plaintiff further submits that, together, *Lucia* and *Sims* signaled that Appointments Clause challenges would be permitted even if they were not raised at the agency level. *See Doc. 59* at 3-4. While courts generally accepted that the *Lucia* holding had implications for ALJs within the Social Security Administration, questions remained as to its reach. As the Commissioner and this Court previously noted, the Supreme Court *Lucia* specified that an individual who makes a "timely" Appointments Clause challenge is entitled to relief, but it stopped short of characterizing as "timely" a claim raised for the first time in federal district court. *Docs. 31* at 15; *39 at 6*. Whether such a claim could be forfeited remained unresolved in the wake of *Lucia* because the petitioner there, unlike Plaintiff, raised his Appointments Clause challenge at the administrative level. *See Lucia*, 138 S. Ct. at 2050 (observing that Lucia argued to the SEC "that the administrative proceeding was invalid because [the ALJ] had not been constitutionally appointed"). Thus, following *Lucia*, courts "struggled to interpret what constitute[d] a 'timely challenge' during SSA proceedings." *Rabache v. Saul*, No. 18cv0847 LF, 2019 WL 7288873, at *3 (D.N.M. Dec. 30, 2019).

As explained above, this Court and the Tenth Circuit explicitly distinguished the holding in *Sims* from the subject forfeiture issue. *See Doc. 39* at 8-9. This Court opined

14

that "*Sims* dealt only with issue exhaustion at the Appeals Council level" and noted that the Court "expressly stated that '[w]hether a claimant must exhaust issues before the ALJ [as opposed to the Appeals Council]' was not before it." *Id*. (citing *Rabache*, 2019 WL 7288873, at *6). Simply, in this Court's view, *Sims* did not resolve the forfeiture question presented by Plaintiff's Appointments Clause claim raised for the first time in federal court. *Id*. Likewise, the Tenth Circuit thoroughly discussed *Sims* in *Carr*, determining that it did not alleviate the requirement to exhaust an Appointments Clause claim at the administrative level. *See Carr*, 961 F.3d at 1273. The rationale of this Court and of the Tenth Circuit support a finding that, despite the Supreme Court's holding in *Sims*, the Commissioner's forfeiture position was sufficiently justified to satisfy a reasonable person.

Without the benefit of well-defined, controlling law, the Commissioner in this case relied upon longstanding principles of administrative law outlined by the Supreme Court more than sixty years earlier in *L.A. Tucker Truck Lines*. In that case, the Supreme Court held that a party who raised the issue of a statutorily invalid appointment at the district court level waived the issue by failing to raise it during the administrative proceeding. *L.A. Tucker Truck Lines*, 344 U.S. at 37. The Court reasoned that "orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has the opportunity for correction in order to raise issues reviewable by the courts." *See id.* at 37-38.

The Commissioner now submits that her previous reference to *L.A. Tucker Truck Lines* constituted "valid precedential support" for her forfeiture defense, rendering her position substantially justified. *Doc. 58* at 10 (citing *Rich*, 477 F. Supp. 3d at 398). The

Court finds this argument persuasive. Indeed, this Court and the Tenth Circuit likewise relied upon the rationale of *L.A. Tucker Truck Lines* when resolving the forfeiture issue prior to the Supreme Court's decision in *Carr*. *See Doc. 39* at 7-8; *Carr*, 961 F.3d at 1271.

Although the Supreme Court ultimately rejected the Commissioner's forfeiture position, this is not to say that that she was not substantially justified in advocating as she did. In this Court's view, the Commissioner's legal position had a strong and reasonable basis in law during the pendency of this action, and her position is not rendered unreasonable simply because the Supreme Court ultimately disagreed. The Commissioner has shown substantial justification in defending against each of Plaintiff's claims in federal court.

### C.   The Commissioner demonstrates substantial justification in voluntarily remanding Plaintiff's case.

Next, the Commissioner insists that her position was substantially justified when she agreed to voluntarily remand Plaintiff's case on appeal. *Doc. 58* at 13-14. In support, the Commissioner explains that "emerging case law" had implications for Plaintiff's case while it remained pending before the Tenth Circuit. *Doc. 58* at 13 (citing *Ybarra v. Comm'r, SSA*, No. 1:19-cv-00064-DP, 2019 WL 2513755, at *3 (E.D. Cal. June 18, 2019).

The Ninth Circuit's rationale in *Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007) is instructive in evaluating the effect of the Commissioner's voluntary remand. In *Li*, the court explained that "the government should retain the flexibility to voluntarily remand in order to correct prior actions that have been subsequently called into question by emerging case law, claims of changed circumstances, or other novel considerations."

16

*Id*. at 918 (citations omitted). The Ninth Circuit reasoned that the government should not be penalized through EAJA fees for seeking remand to conform to intervening law. *Id*. at 920. The court "implicitly reject[ed] claimant's proposition that an agency may never be substantially justified in the context of a voluntary remand." *Ybarra*, 2019 WL 2513755, at *5. Moreover, the court found it appropriate to consider the likely reason behind a voluntary remand. *Li*, 505 F.3d at 919.

Delving into the reason behind the Commissioner's voluntary remand here requires a closer inspection of the chronology of this case. Plaintiff explains that the Tenth Circuit decided *Carr* before she filed her notice of appeal with the Tenth Circuit. *Doc. 59* at 1-2. Not surprisingly, she omitted her Appointments Clause claim in her appellate brief, given the Tenth Circuit's holding that a claimant could forfeit his Appointments Clause claim by failing to raise it during administrative proceedings. *See Doc. 59* at 2; *see also* Brief for Petitioner-Appellant, *Reese*, 20-2087 (Doc. 010110389101) (10th Cir. Aug. 10, 2020). But despite Petitioner's omission of the Appointments Clause claim on appeal, the Tenth Circuit determined *sua sponte* that supplemental briefing was required on the Appointments Clause issue in this case. Order at 1, *Reese*, No. 20-2087 (Doc. 010110523919) (10th Cir. May 18, 2021). Critically, a month earlier the United States Supreme Court had reversed the Tenth Circuit's *Carr* decision. *Compare id. with Carr*, 141 S. Ct. 1352. Thus, on May 15, 2021, the Tenth Circuit ordered the parties to submit supplemental briefing addressing "whether the agency's decision in [the] case was issued in violation of the Constitution's Appointments Clause." *Id*. (citing *Carr*, 141 S. Ct. at 1362; *Lucia*, 138 S. Ct. at 2055).

A mere eight days after the Tenth Circuit ordered supplemental briefing on the Appointments Clause issue, the Commissioner filed her Joint Motion to Remand. *See* Joint Motion to Remand, *Reese*, No. 20-2087 (Doc. 010110528095) (10th Cir. May 26, 2021). In that motion, the Commissioner explained that she had

> further reviewed [the] case and determined that a remand for further proceedings is appropriate. On remand, the case will be assigned to a different administrative law judge (ALJ), who will further evaluate [Plaintiff's] claims, offer [Plaintiff] the opportunity for a de novo hearing, and issue a new decision. The ALJ will be further instructed to further evaluate the medical source opinions and [Plaintiff's] subjective symptom allegations.

*Id*. at 3.

Although Plaintiff suggests that the Commissioner requested remand for the purpose of obtaining a reevaluation of the medical source opinions and her subjective symptom allegations, she acknowledges that the motion "states that the case will be assigned to a different ALJ[,]" and she even concedes that this "appears to be a nod to the relief required by the Appointments Clause." *Doc. 59* at 2 n.1. Nevertheless, she insists that the language included in the motion by the Commissioner "speaks for itself" as to the basis for remand, and she intimates that the motion was driven by a change of position as to Plaintiff's substantive challenges to the ALJ's decision, rather than by the Supreme Court's decision in *Carr*. *See id.* at 3. But the procedural history of this case together with the plain language of the Joint Motion to Remand tell a different story.

Simply, the Commissioner moved to remand because the binding case law governing Plaintiff's Appointments Clause changed. That is, the Supreme Court rejected the Commissioner's forfeiture position in *Carr*, thereby settling a previously unsettled legal question and prompting the Tenth Circuit to request supplemental briefing on the issue in this case. Not only does the Commissioner say as much in her briefing, *see*

18

*Doc. 58* at 13, but the Court is satisfied that the chronology of this case confirms the reason behind the Joint Motion to Remand.

As for the Commissioner's instruction to the new, constitutionally-appointed ALJ to "further evaluate the medical source opinions and [Plaintiff's] subjective symptom allegations," the Court surmises that the Commissioner merely wished to avoid future appeals by Plaintiff asserting the same claims which she had previously, but unsuccessfully, asserted. There is, however, no indication that the Commissioner's decision to request remand was prompted by anything other than the recent change in binding law governing Appointments Clause challenges.

The Court finds that it was entirely reasonable, and in fact unavoidable, for the Commissioner to change her position on the forfeiture issue following the Supreme Court's decision in *Carr*. Voluntarily remanding the case, rather than engaging in unfruitful supplemental briefing, was likewise reasonable. *See DeLong v. Comm'r, SSA*, 748 F.3d 723, 727 (6th Cir. 2014) ("[A]lthough remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.") (citation omitted). In short, although the Commissioner's position changed in the face of intervening case law, prompting a voluntary remand of Plaintiff's case, her position was at all times substantially justified.

> **D.    The Commissioner's position in this case was substantially justified when considering the case as an inclusive whole.**

Finally, the Commissioner argues that viewing this case as an inclusive whole, as the Court must, leads to the same conclusion – that her position was substantially justified throughout. *Doc. 58* at 15. "EAJA – like other fee-shifting statutes – favors

19

treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) (citations omitted). Considering Plaintiff's case with this broader lens reveals that the ALJ properly considered the record evidence in accordance with agency regulations and policies, that she adequately articulated her findings, and that substantial evidence supported those findings. As discussed above, the Court rejected Plaintiff's substantive allegations of error when they were initially presented. The Court sees no reason to deviate from its previous assessment of those claims in the context of this EAJA fees request. The Court finds that the Commissioner's position in this case as a whole was substantially justified.

## IV. Conclusion

As discussed above, the Commissioner's position as to each of Plaintiff's claims in this case was substantially justified. Thus, the Commissioner has met her burden to demonstrate that Plaintiff is not entitled to EAJA fees. Accordingly, the Court will deny Plaintiff's Motion for EAJA fees.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent